IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

KIMSY BROWN,

    Plaintiff,

v.

PARAMOUNT RECOVERY SERVICES, INC.,

    Defendant.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, KIMSY BROWN ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida County of Pinellas, and City of Pinellas.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, PARAMOUNT RECOVERY SERVICES, INC., ("Defendant") or ("PRS") is a corporation who at all relevant times was engaged, by use of the mails and

telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. In connection with the collection of an alleged debt, Defendant placed a call to Plaintiff at Plaintiff's place of employment on April 20, 2011 at 12:32 P.M., and at such time, left a voicemail message in which Defendant failed to notify Plaintiff that the communication was from a debt collector and represented a false sense of urgency concerning said call for the purposes of compelling Plaintiff to communicate with a debt collector.

## COUNT I

12. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 11.

13. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

14. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 11.

15. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

16. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this _____, 2011.

                                                Respectfully submitted,
                                                **KIMSY BROWN**

                                                By: s/ Alex D. Weisberg
                                                ALEX D. WEISBERG
                                                FBN: 0566551
                                                WEISBERG & MEYERS, LLC
                                                ATTORNEYS FOR PLAINTIFF
                                                5722 S. Flamingo Rd, Ste. 656
                                                Cooper City, FL 33330
                                                (954) 212-2184
                                                (866) 577-0963 fax
                                                aweisberg@attorneysforconsumers.com